# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7960 | **DATE** | 10/1/2004 |
| **CASE TITLE** | Tartt vs. Northwest Community Hospital and Northwest Suburban Anesthesiologists | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Two motions to dismiss, one motion for sanctions, one motion to strike, and one motion for leave.

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Motion [97-1] is granted. Motion [91-1] is granted. Motion [90-1] is granted. Motion [90-2] is denied. Motion [92-1] is denied. See attached.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 0 5 2004 | |
| | Notified counsel by telephone. | date docketed | |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 101 |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | 2004 OCT -4 PM 4:11 U.S. DISTRICT COURT | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DERRICK B. TARTT,                        )
                                         )
              Plaintiff,                 )
                                         )   Case No. 00 C 7960
       v.                                )
                                         )
NORTHWEST COMMUNITY HOSPITAL[1]          )   Honorable Charles R. Norgle
and NORTHWEST SUBURBAN                   )
ANESTHESIOLOGISTS, LTD.                  )
                                         )
              Defendants.                )

## OPINION AND ORDER

**CHARLES R. NORGLE**, District Judge

Plaintiff Derrick Tartt ("Tartt"), a licensed anesthesiologist, has filed his second Amended Complaint against Defendants Northwest Community Hospital ("NCH") and Northwest Suburban Anesthesiologists ("NSA"). Tartt alleges employment discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), and Title VII of the Civil Rights Act of 1964 ("Title VII").

Presently before the court are a total of five motions. The following motions are granted: NCH's Motion to Strike [97-1], NCH's Motion to Dismiss Amended Complaint [91-1], and NSA's Motion to Dismiss Amended Complaint [90-1]. The following motions are denied: NCH's Rule 11 Motion for Sanctions [90-2], and Tartt's Motion for Leave of the Court to File The Plaintiff's Answers to the Defendants' Motions to Dismiss Our Amended Complaint,

---

[1] Plaintiff Tartt improperly names Defendant Northwest Community Hospital as Northwest Community Healthcare.

1

Instanter [92-1].

## I. INTRODUCTION

### A. Background

In order to properly understand the motions before the court, the court undertakes a brief analysis of the protracted history of Tartt's litigation against the Defendants. In July 1993, Plaintiff Tartt, African American, signed an employment contract with NSA. Mem. of Law in Supp. of Def. NCH's Mot. to Dismiss Am. Compl., 1, Ex. A. NSA provided anesthesiology services to NCH. Tartt worked for NSA, at NCH, as an anesthesiologist until July 1994. At that time, Tartt took a leave of absence in order to join the United States military.[2] Tartt was honorably discharged from the military, and returned to NSA and NCH in December 1996.

NSA asserts that while Tartt was in the military, he practiced anesthesiology at NCH (in violation of his employment agreement), and misappropriated the proceeds he received for those services. As a condition of his continued employment with NSA, Tartt signed a revised employment contract in April 1997. Id., Ex. B. In that revised contract, Tartt acknowledged that he had violated provisions of the initial employment contract during his leave of absence, and agreed to repay the $18,250 he had misappropriated from NSA during that time. Id., Ex. B, 1-2. Tartt worked for NSA, at NCH, until NSA terminated Tartt's employment in November 2000.

---

[2] Tartt did not enter the military voluntarily. While he was in college, Tartt enlisted in the Reserve Officer's Training Program ("ROTC"). See Tartt v. Secretary of the Army, No. 93-4550, 1994 U.S. Dist. LEXIS 2707, at *1 (N.D. Ill. March 9, 1994). The written agreement Tartt signed with ROTC indicated that following his graduation, Tartt would serve on active duty in the military for three years. Id. Upon graduating from medical school, however, Tartt refused to report for duty, and filed a petition for habeus corpus relief. Id. at 2. Ultimately, Judge Conlon denied Tartt's petition, and ordered Tartt into the military. See Minute Order of May 5, 1994 (Conlon, J.).

2

On December 20, 2000, Tartt filed a *pro se* complaint (case number 00-C-7960) against NSA and NCH, seeking relief under USERRA[3] and Title VII. On that same date, Tartt filed a nearly identical *pro se* complaint (case number 00-C-7959) against NSA alone. The essence of Tartt's complaints is that, following Tartt's return from military service, the revised employment agreement Tartt signed with NSA unlawfully denied Tartt employment benefits that he would have obtained but for his race and his military service. For purposes of clarity, the court will refer to the instant case, case number 00-C-7960, as "7960," and Tartt's second case, case number 00-C-7959, as "7959."

The court dismissed 7960 in March 2001, noting that Tartt could not proceed on his Title VII claim, as he had failed to first file a discrimination charge with the EEOC, nor could he proceed on his USERRA claim, as it was "rambling, confusing, not concise, not short and plain." See Minute Order of Mar. 1, 2001. The court, however, granted Tartt leave to file an Amended Complaint. Id. Tartt then filed, *pro se*, Amended Complaints in both 7959 and 7960. The first Amended Complaint in 7960, filed March 23, 2001, again alleged employment discrimination based on Tartt's race and military service. This Complaint was thirty-four pages long, failed to include numbers for all paragraphs, and contained a rambling nineteen page section styled "Federal Question Jurisdiction." Both Defendants filed Motions to Dismiss, asserting that Tartt's claims must fail, as Tartt was never employed by the NCH, stated no cognizable claim under USERRA, and failed to file a EEOC complaint. The court denied these motions, but, *sua*

---

[3] USERRA is a federal statute promulgated to prevent workplace discrimination against individuals returning from military service. An individual who held a civilian job prior to entering the United States military is entitled to, *inter alia,* her job back, with seniority and benefits. See 38 U.S.C. § 4301 *et seq.*

3

*sponte*, noted that cases 7959 and 7960 appeared to be nearly identical, and issued a rule to show cause as to why one of them should not be dismissed. Tartt, by now represented by counsel, failed to respond to the court's rule. The court therefore dismissed 7960. See Minute Order of May 30, 2002.

Tartt then filed a Motion to Reconsider the court's dismissal of 7960, which the court denied. On appeal, however, the Seventh Circuit reversed and remanded. Tartt v. Northwest Comty. Hosp., No. 03-1558, 2003 U.S. App. LEXIS 21917 (7th Cir. Oct. 21, 2003). The court then granted Tartt leave to file a second Amended Complaint.[4]

Tartt then filed the second Amended Complaint, in case 00-C-7960, on April 23, 2004. In this Complaint, filed against Defendants NSA and NCH, Tartt once again asserts violations of USERRA and Title VII. See Tartt's second Amended Complaint of April 23, 2004. Tartt once again asserts that NSA and NCH discriminated against him on the basis of his military service and race, and alleges that this discrimination adversely impacted his right to retirement benefits, stock ownership, promotions, increases in salary, and training. Id. at ¶ 27-28. In response, Defendants assert that these claims are barred by the principle of *res judicata*, and that Tartt has failed to state a claim under which relief can be granted.

## B. Procedural Framework

Following Tartt's second Amended Complaint, the parties filed a total of five motions: 1) on May 27, 2004, Defendant NCH filed a Motion to Dismiss under Rule 12(b)(6) [91-1]; 2) on May 27, 2004, Defendant NSA filed a Motion to Dismiss under Rule 12(b)(6) [90-1]; 3) on May

---

[4] Judge Norgle dismissed 7959 on January 29, 2003. See Minute Order of January 29, 2003. The Seventh Circuit finally terminated this case on April 5, 2004. See Dismissal Per FRAP 42(b), April 5, 2004.

4

27, 2004, Defendant NSA filed a Motion for Sanctions under Rule 11 against Tartt and Tartt's counsel [90-2]; 4) on June 10, 2004, Tartt filed a Motion for Leave of the Court to File the Plaintiff's Answer to the Defendants' Motions to Dismiss Our Amended Complaint, Instanter [92-1]; and 5) on August 6, 2004, NCH filed a Motion to Strike Plaintiff Tartt's Answer to Defendant Northwest Community Healthcare and Defendant Northwest Suburban Anesthesiologists Motions to Dismiss Plaintiff Tartt's Amended Complaint [97-1]. All of these motions are fully briefed and before the court.

## II. DISCUSSION

### A. Tartt's Motion for Leave of the Court to File the Plaintiff's Answers to the Defendants' Motions to Dismiss Our Amended Complaint, Instanter

During a May 13, 2004 status hearing, counsel for Defendants indicated to the court that they intended to file Motions to Dismiss. In response, the court then set a briefing schedule for these motions. Defendants were to file their motions by May 27. Tartt was directed to file his response by June 10, and Defendants were to file their reply by June 17. Defendants both timely filed their Motions to Dismiss. Tartt, however, failed to file his response by June 10. Instead, on June 10, Tartt's attorneys, James Merle Childs, Jr. and Elijah Imanuel Meshiah, filed something styled a "Motion for Leave of the Court to File the Plaintiff's Answers to the Defendants' Motions to Dismiss Our Amended Complaint, Instanter." Nowhere in this Motion is there any direct response to Defendants' Motions to Dismiss. Instead, Tartt's attorneys assert that it was not possible for them to timely respond to Defendants' Motions, as Meshiah received a copy of NSA's Motion on June 7. However, Childs and Meshiah admit that they both received a copy of NCH's Motion on May 27, and that Childs received NSA's Motion on June 3. Childs and

5

Meshiah do not explain why one week was insufficient time to prepare their response, nor do they explain why they failed to ask the court for more time. As Tartt's attorneys have failed to meet the court imposed deadline for filing their response to Defendants' Motions to Dismiss, and have offered no reasonable explanation for this failure, Tartt's Motion For Leave of Court to File the Plaintiff's Answers to the Defendants' Motions to Dismiss Our Amended Complaint, Instanter, is denied.

### B. Defendant Northwest Community Hospital's Motion to Strike

As discussed above, see supra II A, Tartt offers no reasonable explanation for his failure to timely respond to Defendants' Motions to Dismiss. However, on July 8, 2004, Tartt's attorneys filed Plaintiff Tartt's Answer to Defendant Northwestern Community Healthcare and Defendant Northwestern Suburban Anesthesiologists Motion to Dismiss Plaintiff Tartt's Amended Complaint. Defendant NCH then filed its Motion to Strike, correctly asserting that Tartt's attorneys had filed this responsive pleading nearly one month late, without leave of the court to do so. Defendant Northwestern Community Hospital's Motion to Strike is therefore granted. See Fed. R. Civ. P. 12(f).

### C. Defendants Northwest Community Hospital's and Northwest Suburban Anesthesiologist's Motions to Dismiss

#### 1. Standard for Motions to Dismiss

When reviewing a motion to dismiss under Rule 12(b)(6), a court merely looks to the sufficiency of the complaint. Autry v. Northwestern Premium Servs., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998). In examining a motion to dismiss, a court should "accept all well-plead allegations in the complaint as true," Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632,

637 (7th Cir. 2004), and view "plaintiff's factual allegations and any inferences reasonably drawn therefrom in a light most favorable to the plaintiff." Yasak v. Ret. Bd. of the Policemen's Annuity Fund, 357 F.3d 677, 678 (7th Cir. 2004). Dismissal under Rule 12(b)(6) is proper when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Weizeorick v. Abnamro Mortgage Group, Inc., 337 F.3d 827, 830 (7th Cir. 2003). Put another way, "[d]ismissal under Rule 12(b)(6) is only appropriate when there is no possible interpretation of the complaint under which it can state a claim." Flannery, 354 F.3d at 637.

A complaint may be dismissed on the grounds of *res judicata*. See Andersen v. Chrysler Corp., 99 F.3d 846, 852 (7th Cir. 1996). The doctrine of *res judicata* acts as a bar to prevent plaintiffs from relitigating claims or issues already decided by a court. See Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 338 (7th Cir. 1995). To obtain a dismissal on the basis of *res judicata*, a defendant must show "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." Andersen, 99 F.3d at 852; Brzostowski, 49 F.3d at 338. "Res judicata is intended to protect a 'victorious party from being dragged into court time and time again by the same opponent on the same cause of action' . . . ." Lee v. Vill. of River Forest, 936 F.2d 976, 981 (7th Cir. 1991) (quoting Magnus Electronics, Inc. v. La Republica Argentina, 830 F.2d 1396, 1403 (7th Cir. 1987)).

### 2. *Res Judicata*

Both NCH and NSA assert that Tartt's present Amended Complaint is barred by *res judicata*. NCH and NSA direct the court's attention to case 7959, which the court previously dismissed. See Minute Order of January 29, 2003. To successfully argue that Tartt's present

7

claims are barred by *res judicata*, NCH and NSA must show that 1) there was a judgment on the merits in 7959, 2) they are either the same party as, or in privity with, the Defendant in 7959, and 3) that the cause of action in 7959 is identical to the cause of action in the present Amended Complaint. See Brzostowski, 49 F.3d at 338; Andersen, 99 F.3d at 852. Both defendants have successfully made these showings.

There is no question that there was a final judgment on the merits in 7959: the court dismissed that case with prejudice. See Minute Order of January 29, 2003. A dismissal with prejudice is a final judgment on the merits. See Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000). "[A] dismissal with prejudice is a final judgment on the merits which will bar a second suit between the two parties for the same cause of action." Phillips v. Shannon, 445 F.2d 460, 462 (7th Cir. 1971).

Defendant NSA is obviously the same party as the Defendant in 7959. A trickier question is whether Defendant NCH is in privity with NSA. See In re L & S Indus., 989 F.2d 929, 932 (7th Cir. 1993) ("Privity is an elusive concept."). The Seventh Circuit has explained that two parties are in privity, for the purposes of *res judicata*, when their interests are closely related. See Studio Art Theater of Evansville, Inc. v. City of Evansville, Ind., 76 F.3d 128, 131 (7th Cir. 1996) (finding privity where parties shared a "clear 'congruence' of legal issues"). If two parties have a "sufficiently close identity of interests," a court may properly find that the parties are in privity. Tice v. Am. Airlines, 162 F.3d 966, 971 (7th Cir. 1998). In this case, there is a "sufficiently close identity of interests" between NSA and NCH. Tartt, while employed by NSA, performed his services as an anesthesiologist at NCH. NCH and NSA agreed that NSA would be the exclusive provider of anesthesiology at NCH. All of Tartt's claims against NCH arise out of

8

his employment with NSA. The court therefore finds that Defendants NCH and NSA are in privity for the purposes of *res judicata*.

Finally, the court finds that the causes of action in 7569 and this case are identical. "A claim has 'identity' with a previously litigated matter if it emerges from the same 'core of operative facts' as that earlier action." Brzostowski, 49 F.3d at 338 (quoting Colonial Penn Life Ins. Co. v. Hallmark Ins. Admin. Inc., 31 F.3d 445, 447 (7th Cir. 1994)). "Under the federal common law of res judicata, a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." Okoro v. Bohman, 164 F.3d 1059, 1062 (7th Cir. 1999) (citing Wilson v. City of Chicago, 120 F.3d 681, 687 (7th Cir. 1997)). In his present Amended Complaint, Tartt repeats the same allegations he made in 7959. He alleges, as he alleged in 7959, that he entered into an employment agreement with NSA in 1993. Compare Def. NCH's Mot. to Dismiss Amended Compl., Ex. 1, ¶ 6, with id., Ex. 2, ¶ 3. He alleges that he entered the military in July 1994, and took a leave of absence from NSA. Compare Def. NCH's Mot. to Dismiss Amended Compl., Ex. 1, ¶ 9, with id. Ex. 2, ¶ 4. He alleges that upon his return to NSA, he was coerced into signing a revised employment agreement. Compare Def. NCH's Mot. to Dismiss Amended Compl., Ex. 1, ¶ 13, with id. Ex. 2, ¶¶ 14-15. Finally, he alleges that this revised employment agreement denied him certain employment benefits, including, *inter alia*, retirement benefits, stock ownership, promotions, and salary. Compare Def. NCH's Mot. to Dismiss Amended Compl., Ex. 1, ¶ 28, with id. Ex. 2, ¶¶ 5, 16-17, 19-21. Since Tartt's instant claim is based on the same "factual nebula" as his prior claim in 7959, the court finds that, for the purposes of *res judicata*, the claims are identical. See Okoro, 164 F.3d at 1062.

9

Since Defendants have successfully shown that case 7959 reached a final judgment on the merits, that Defendant NSA is the same as the Defendant in case 7959, that Defendant NCH is in privity with NSA, and that the causes of action in case 7959 and the present Amended Complaint are identical, the court holds that Tartt's present Amended Complaint is barred by *res judicata*. With an abundance of caution, however, the court will examine Defendants' alternative grounds for dismissal.

### 3. Tartt's Title VII Claims

A plaintiff seeking to file an employment discrimination suit under Title VII must receive authorization from the Equal Employment Opportunity Commission ("EEOC") to do so. See 42 U.S.C. § 2000e-5(b), (e), and (f). The plaintiff must file a complaint with the EEOC, and receive from the EEOC a "statutory notice of the right to sue," before bringing a Title VII action in a federal court. Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973)). In Illinois, the plaintiff must file an EEOC claim within three hundred days of the allegedly discriminatory conduct. EEOC v. Harvey L. Walner & Assocs., 91 F.3d 963, 970 (7th Cir. 1996). Defendants correctly assert that Tartt has failed to meet this three hundred day deadline. In fact, Tartt has never filed an EEOC claim at all. Tartt's Title VII claims therefore fail.

### 4. Tartt's USERRA Claims

In order to properly plead a claim of employment discrimination under USERRA, Tartt must allege that his employer, NSA, took discriminatory employment actions against him that were motivated at least in part by his military service. 38 U.S.C. § 4311(c)(1). "An employer shall be considered to have engaged in actions prohibited - (1) under subsection (a), if the

10

person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action . . ." Id.; see also Miller v. City of Indianapolis, 281 F.3d 648, 650 (7th Cir. 2002). Tartt's present Complaint offers only the bare allegation that NSA discriminated against him based on his service in the military. See Def. Northwest Cmty. Hosp.'s Mot. to Dismiss Amended Compl., Ex. 1, ¶¶ 22-28. Tartt has failed to allege any facts that would tend to show that NSA took any adverse employment action towards him that was motivated by his service in the military. See Panaras v. Liquid Carbonic Industries Corp., 74 F.3d 786, 792 (7th Cir. 1996) ("While federal notice-pleading allows for a generous reading of a complaint, in order to resist a motion to dismiss, the complaint must at least set out facts sufficient to 'outline or adumbrate' the basis of the claim."); see also Looper Maintenance Serv., Inc. v. City of Indianapolis, 197 F.3d 908, 911 (7th Cir. 1999) ("a complaint must allege facts bearing on all material elements necessary to sustain a recovery under some viable legal theory.") Tartt's USERRA claim against NSA therefore fails.[5]

**D. Defendant Northwest Suburban Anesthesiologists' Rule 11 Motion for Sanctions**

Contained within Defendant NSA's Motion to Dismiss was an additional request for sanctions under Rule 11. One of the purposes of Rule 11 "is to deter baseless filings in the district court." Fries v. Helsper, 146 F.3d 452, 458 (7th Cir. 1998) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). Rule 11 sanctions may be imposed on a party for "making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." Id. A frivolous argument or claim is one that

---

[5] Tartt's USERRA claim against NCH fails for a simpler reason: NCH was never Tartt's employer.

11

is "baseless and made without a reasonable and competent inquiry." Id.

The court understands NSA's frustration with this protracted and costly litigation, and dismisses Tartt's claims in their entirety. However, the Motion for Sanctions is not properly before the court. NSA has failed to file its motion for sanctions separately from its motion to dismiss. See Fed. R. Civ. P. 11 (c)(1)(A) ("A motion for sanctions under this rule shall be made separately from other motions or requests . . . ."). The court therefore declines the invitation to sanction Tartt and his attorneys.

### III. CONCLUSION

For the foregoing reasons, NCH's Motion to Strike [97-1] is granted, NCH's Motion to Dismiss Amended Complaint [91-1] is granted, NSA's Motion to Dismiss Amended Complaint [90-1] is granted, Plaintiff's Motion for Leave of the Court to File the Plaintiff's Answers to the Defendants' Motions to Dismiss Our Amended Complaint [92-1] is denied, and Defendant NSA's Rule 11 Motion for Sanctions [90-2] is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 10/1/04

12